## Registration Fees for Charities

KANE, Attorney General, January 26, 1976.—
have requested an opinion interpreting Attorney
General's Opinion No. 57 of 1974. Specifically,
you have asked whether Opinion No. 57 requires
a member charity of a federated fund-raising
organization, if it solicits and receives money
independently of the federated-fund raising
organization, to pay a registration fee based upon
the total amount of contributions solicited that year
or only upon the amounts solicited by the charity
itself.

Opinion No. 57 of 1974, holds that a member
agency of a federated fund-raising organization
shall be required to register with the Commission
on Charitable Organizations but need not pay a
registration fee unless the member agency solicits
funds on its own. In effect, the opinion permits a
member charity to avail itself of the exemption in
section 3 of the Solicitation of Charitable Funds Act
of August 9, 1963, P. L. 628, as amended, 10 P.S.
§160-3(d), which states:

". . . A parent organization filing on behalf of one
or more chapters, branches or affiliates and a feder-
ated fund-raising organization filing on behalf of its
member agencies shall pay a single annual regis-
tration fee for itself and such chapters, branches,
affiliates or member agencies included in the
registration statement."

Once a member charity begins to solicit contribu-
tions on its own, however, a federated fund-raising
organization may not file on behalf of a charity to

the extent of the contributions solicited independently of the federated fund-raising organization. This is because a federated fund-raising organization has no control over, or way of accounting to the commission for, those contributions solicited and received by the charity itself. However, the charity may still make use of other exemptions in the act.

Section 4(3) of the Act permits certain charities that do not solicit and receive contributions in excess of $7,500 a year an exemption from filing a registration statement with the commission. However, the act then continues:

"[I]f the contributions *raised from the public,* whether all of such is or is not received by any charitable organization during any calendar year, shall be in excess of seven thousand five hundred dollars ($7,500), it shall, within thirty days after the date it shall have received total contributions in excess of seven thousand five hundred dollars ($7,500), register with and report to the department as required by this act": 10 P.S. §160-4(3). (Emphasis supplied.)

The key words are "contributions raised from the public." So long as a charity does not raise more than $7,500 from the public, it is exempt from paying a registration fee. Although the term "public" is nowhere defined in the act, according to the Statutory Construction Act of November 25, 1972, P. L. 707 (No. 230), as amended, 1 Pa. C.S. §1903(a), words and phrases should be construed according to their natural and approved usage. Defining the term "public" according to its natural and approved usage, it is clearly seen to refer to members of the populace at large and not to a federated fundraising organization. Therefore, funds received by

a member charity from a federated fund-raising organization should not be viewed as contributions raised from the "public"; rather, they constitute a separate and distinct fund. Applying the above reasoning to the problem at hand, it is evident that a charity, if it receives money from a federated fund-raising organization and solicits from the public on its own, need not pay any registration fee unless it independently solicits contributions from the public in excess of $7,500.

If a charitable organization does solicit contributions in excess of $7,500, then it is no longer exempt under section 4(3) of the act and must file a registration statement and pay the applicable registration fee. However, the registration fee provisions of the act also are written in terms of contributions solicited from the "public." Section 3(d) of the act provides that every nonexempt charity which solicits less than $25,000 a year *from the public* shall pay a registration fee of $25. Every charity which solicits and receives *from the public* contributions in excess of $25,000 shall pay a $100 registration fee. Therefore, even though a member charity may both receive funds from a federated fund-raising organization and solicit contributions in excess of $7,500, its registration fee is based solely upon amounts solicited independently of the federated fund-raising organization.

In conclusion, it is our opinion, and you are hereby informed, that Official Opinion No. 57 of 1974 requires that a charity which receives funds from a federated fund-raising organization and which solicits contributions on its own pay a registration fee based only upon those contributions which it solicits and receives on its own.